IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                              CHAPTER 13 CASE NO.:

STEVEN O. BRADY and                                     23-13399-JDW
TIFFANY A. BRADY

## OBJECTION TO CONFIRMATION

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this Objection to Confirmation (the "Objection") and in support states as follows:

1. The Debtors initiated this proceeding with the filing of a voluntary petition for relief on November 2, 2023. The ** Chapter 13 plan (Dkt. #10) (the "Plan") was filed on November 16, 2023.

2. The Debtors are above median income and have proposed a plan term of 60 months. In Section 5.1 of the Plan the Debtors propose no distribution to nonpriority unsecured creditors and state that the liquidation value is $0.00.

3. The current plan payment is $2,997.50 per month. According to Official Form 122C-2 Chapter 13 Calculation of Your Disposable Income (Dkt. #9, Pg. 11) (the "Means Test") the Debtors' current monthly income is $8,315.37 (i.e., total gross income) and the monthly disposable income (i.e., projected disposable income) is <u>negative</u> $74.43. According to Schedule I (Dkt. #11, Pg. 35), the Debtors total gross income is $6.469.32[1] and their combined monthly income is $4,770.22. According to Schedule J (Dkt. #11, Pg. 37), their monthly net income is $2,928.22.

4. According to the testimony of Debtor1 at the Section 341(a) Meeting of Creditors and documents provided to the Trustee he started his employment with Auto-Chlor System as a sales representative on or about November 6, 2023. He earns a

---

[1] Debtor1 discloses gross income of $3,166.67 and monthly take-home pay of $1,959.67. Debtor2 discloses gross income of $3,302.65 and monthly take-home pay of $2,810.55. The Debtors receive no additional income or benefits.

salary of $38,000.00 per month plus commission. He will receive a guaranteed commission for the months of November and December 2023, and January and February 2024, following which he would be paid commission earned. The guaranteed commission is as follows:

| | |
|---|---|
| November | $1,038.46 |
| December | $2,076.92 |
| January | $2,076.92 |
| February | $2,076.92 |

5.    Debtor1's change in employment and income from that received during the six month period preceding the petition date permits this Court to take a forward-looking approach and go beyond the Means Test to determine the Debtors' projected disposable income for purposes of §1325(b)(1)(B)[2]. In this case, current income and monthly net income are more indicative of the Debtors' projected disposable income.

6.    Debtor1's gross income is stated in Schedule I in the amount of $3,166.67 per month which is one-twelfth (1/12) of his salary of $38,000.00. The gross income stated does not account for the guaranteed commission Debtor1 has and will receive, nor does it take into account future commission income. The Trustee alleges that for the months of November through February Debtor1's income does not include the disposable income from the guaranteed commission in the total amount of $7,269.22.

7.    The Trustee alleges that the Plan does not provide for payment of all projected disposable income to nonpriority unsecured creditors. The Plan does not meet the requirement of §1325(b)(1)(B).

8.    Section 3.2 of the Plan provides for payment of the claim of American Honda Finance Corp. (Clm. #3-1) which is secured by a 2021 Honda Rancher (the "ATV"). Based upon the value assigned to ATV in the Proof of Claim, the claim will be paid $4,350.00 together with 7% interest. The ATV is not necessary for an effective

---

[2] As started by the United States Supreme Court in its opinion in Lanning v. Hamilton, 560 U.S. 505 (2010), "a court may go further and take into account other known or virtually certain information about the debtor's future income or expenses." *Id.*, at 519.

2

reorganization or the support and maintenance of the Debtor's household. The retention of the ATV and payment of the related secured claim is to the detriment of the unsecured claims. The Plan was not proposed in good faith and the requirement of §1325(a)(3) is not met.

9. The Trustee requests that confirmation of the Plan be denied. Should the Debtor be delinquent in payments at the time of the hearing on the Objection, the Trustee also requests that the bankruptcy case be dismissed.

10. Should there be any secured or priority unsecured claims filed hereafter which are not provided for in the Plan the Trustee alleges that the Plan would not meet the requirement of §1325(a)(1) and would require an amendment.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order sustaining the Trustee's Objection and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: January 11, 2024

Respectfully submitted,
LOCKE D. BARKLEY, TRUSTEE

BY: /s/ W. Jeffrey Collier
W. JEFFREY COLLIER, ESQ.
Attorney for Trustee
6360 I-55 North, Suite 140
Jackson, Mississippi 39211
(601) 355-6661
ssmith@barkley13.com
MSB No. 10645

## CERTIFICATE OF SERVICE

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: January 11, 2024

                                      /s/ W. Jeffrey Collier
                                      W. JEFFREY COLLIER

4